SUMMARY ORDER

Sheng Wu Chen, a native and citizen of the People’s Republic of China, seeks review of a July 24, 2008 order of the BIA, affirming the February 1, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sheng Wu Chen, No. A98 256 183 (B.I.A. July 24, 2008), aff'g No. A98 256 183 (Immigr. Ct. N.Y. City Feb. 1, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances,
base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant’s or witness’s account, the consistency between the applicant’s or witness’s written and oral statements ..., the internal consistency of each such statement, the consistency of such statements with other evidence of record ..., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant’s claim.
8 U.S.C. § 1158(b)(l)(B)(iii).
Substantial evidence supports the agency’s adverse credibility determination. We agree with the BIA’s determination that in finding Chen not credible, the IJ reasonably relied on inconsistencies between Chen’s asylum application and his testimony regarding police visits to his house, as well as internal inconsistencies in his testimony regarding whether the police searched his house. Id. Moreover, the agency reasonably declined to credit Chen’s explanations for these discrepan *37 cies — that he possessed a middle-school education and therefore could not articulate certain information in writing — noting that he was able to adequately articulate other information in his written statement. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin, 534 F.3d at 165-66. Thus, the agency’s denial of Chen’s application for asylum, withholding of removal, and CAT relief was proper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
For the foregoing reasons, the petition for review is DENIED.